84

## SIMERAL *v.* JACKSON ET AL., WILSON ET UX.

251 P. 2d 881

*Robin D. Day,* of Salem, argued the cause and filed a brief for appellants.

*R. W. PicKell,* of Salem, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and LUSK, LATOURETTE, WARNER and TOOZE, Justices.

LUSK, J.

This is a suit to foreclose two logging liens, brought pursuant to the provision of Title 67, ch 13, OCLA. One of the notices of claim of lien was filed by the plaintiff, Wayne Simeral, and the other by Lester Jackson, who assigned his claim to the plaintiff for the purpose of foreclosure. The only defendants who appeared are William J. Wilson and Eva Wilson, owners of the land upon which lie the logs which plaintiff says are subject to the liens. The court entered a decree of foreclosure from which the defendants Wilson, hereinafter called the appellants, have appealed.

While appellants have urged a number of contentions in their brief, on the oral argument their counsel conceded the validity of the liens and plaintiff's right to foreclose them. He stated, however, that the decree, as he construed it, went beyond the averments in the claims of lien and subjected to the liens logs on premises owned by the appellants, but not described in the notices. In answer to questions from the bench he said that he had no objection to a decree foreclosing the liens upon all the logs described in the lien notices and that it was "perfectly satisfactory to give them a lien upon all logs set forth in the lien notice."

We think the decree is not open to the suggested criticism. The complaint alleges that between September 15, 1950, and October 21, 1950, Simeral and his assignee, Lester Jackson, performed work and labor consisting of cutting, falling, bucking and choking logs owned by defendants Henry Jackson, William J. Wilson, and Eva Wilson. The notices of claim of lien, which are made exhibits to the complaint, assert the right to liens upon logs which were cut by the claimants in Marion County, Oregon, and which are now lying in the "N½ of the NW¼, Section 5, Township 7, R. 1

East, Marion County, Oregon." Appellants' answer admits that they are the owners of these premises. The decree, after declaring "the liens described in plaintiff's complaint * * * to be valid and subsisting liens", orders "that the plaintiff's liens be foreclosed in the manner provided by law, and the logs upon the property of defendants William J. Wilson and Eva Wilson, *which logs are subject to the aforementioned liens,* be sold in the manner provided by law", etc. (Italics added.)

The record discloses that appellants are the owners of timber lands other than those described in the notices of claim of lien and that some of the timber on these lands had been cut. But the language of the decree which we have italicized ties the order for the sale of logs to the notices, and the decree therefore can only properly be construed as one foreclosing liens on logs lying on premises described in the notices. In view of the statement of counsel for appellants in this court that he had no objection to such a decree, it follows that the decree should be, and it is, affirmed.